UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

STERLING BRADLEY, )
)
    Plaintiff, )
)
v. ) No. 3:09-0158
) **JUDGE HAYNES**
BILL JACKSON, ET AL., )
)
    Defendants. )

## MEMORANDUM

Plaintiff, Sterling Bradley, filed this *pro se* action under 42 U.S.C. § 1983 against the Defendants Dr. Bill Jackson, M.D., the doctor at the Dickson County Jail, and Tom Wall, Sheriff of Dickson County. Plaintiff asserts that the defendants violated his rights under the Eighth Amendment for their refusal of medical treatment for a gunshot wound. Plaintiff sues Dr. Jackson in both his individual and official capacities, and Sheriff Wall in his official capacity only.

According to his complaint, Plaintiff was shot in the arm on December 23, 2007 (Docket Entry No. 1, ¶ IV, p. 5), and he was taken to the Dickson County jail Plaintiff alleges that surgery was not performed to remove the bullet until February 14, 2008. Plaintiff also alleges that Dr. Jackson refused to re-fill his prescription for pain medication because Plaintiff shot himself. Id. Plaintiff asserts that Dr. Jackson also failed to provide Plaintiff's pain medication for several days after surgery was performed.

Under the Prison Litigation Reform Act (PLRA), the courts are required to dismiss a prisoner's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). Although the courts are required to construe *pro se* complaints liberally, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), under the PLRA, the "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal," *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997).

To state a claim under § 1983, Plaintiff must allege and show: 1) that he was deprived of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

For a violation of this constitutional right, Plaintiff must allege that the defendants were deliberately indifferent to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Deliberate indifference" is the reckless disregard of a substantial risk of serious harm; mere negligence, or even gross negligence, will not suffice. *Farmer v. Brennan*, 511 U.S. 825, 835-36 (1994).

As to Plaintiff's claims against the Defendants in their official capacities, the real party in interest is the governmental entity, Dickson County. *Hafer v. Mels*, 502 U.S. 21, 25-26 (1991). Under such circumstances, the violation of Plaintiff's constitutional rights must arise from a County policy, regulation, decision, custom, or the tolerance of a custom of such violations. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). Plaintiff neither alleges, nor can it be liberally construed from the complaint, that any County policy, regulation, decision, custom, or tolerance of a custom of such violations was responsible for the alleged violations of his constitutional rights. Accordingly, Plaintiff's claims against Dr. Jackson and Sheriff Wall, in their official capacities, should be dismissed for failure to state a claim upon which relief may be granted.

Plaintiff's claims against Dr. Jackson in his individual capacity do state a claim for relief. Process shall issue to the Defendant Dr. Jackson.

An appropriate order is filed herewith.

William J. Haynes, Jr.
United States District Judge
2-25-09